# SUPREME COURT

OF THE

# TERRITORY OF KANSAS.

## JANUARY TERM, 1861.

### EDWARD C. GARVEY AGT. C. E. SCHOLLKOPF AND JAMES P. BENSON.

*Error: Exceptions: Waiver.*

1. The reversal of a judgment of a justice of the peace, on petition in error in the district court, in a case where the justice has jurisdiction of the parties, and of the subject-matter, can not be had, unless the transcript shows that the action, or rulings of the justice, were objected or excepted to at the time.

2. If a party wishes to avail himself, in the supreme court, of supposed error of the court below, he must show that he objected, or excepted, to the rulings, or it will be presumed he acquiesced in them. (See Brown agt. App, *ante*, 174.)

[NOTE.—See Small agt. Douthitt, 1 Kansas, 335; Koehler agt. Ball, 2 Kansas, 160; Lender agt. Caldwell, 4 Kansas, 339.

ERROR from the District Court of the Second Judicial District in and for Shawnee County.

*By the Court*—PETTIT, C. J.

This is a petition in error to reverse the judgment of the district court sitting in Shawnee county. The defendants in error obtained a judgment against the plaintiff in error before a justice of the peace. Garvey

took the case to the district court by petition in error, and assigned *eight* supposed errors, some of which are not supported by the transcript of the justice's proceedings; and others are expressly contradicted by it. This is a loose, not to say unwarrantable practice in pleading. The district court affirmed the judgment of the justice, and this affirmance is assigned for error in this court. We feel clear that there is no error in the judgment of the district court that warrants its reversal. There are two methods of getting cases from a justice to the district court: by appeal, to try the merits of the case anew; and by petition in error, to reverse the judgment of the justice for errors in his proceedings, and which were excepted to at the time they occurred. The transcript of the justice's proceedings does not show that any of his omissions, acts or proceedings, were complained of or excepted to, nor was he asked in any manner to correct them. We hold that the reversal of a judgment of a justice of the peace, on petition in error in the district court, in a case where the justice had jurisdiction of the parties and of the subject-matter of the action, can not be had, unless the transcript shows that the action or rulings of the justice were objected or excepted to at the time. In Brown agt. App, at the June term, 1860, this court held that: "At the August term the demurrer to the answer was sustained, and the record does not show that this ruling was excepted to, and it can not, therefore, be properly assigned as an error. If a party wishes to avail himself, in this court, of the supposed errors of the

Edward C. Garvey agt. C. E. Schollkopf and James P. Benson.

court below, he must show that he objected or excepted to the rulings, or it will be presumed that he acquiesed in them. The Statute of 1859, page 128, is clear upon this subject. It is the right of the adverse party to know what rulings of the court in his favor are excepted to, in order that he may be prepared to sustain them in this court, and he is at liberty to regard such rulings as approved by his adversary, if they are not excepted to, and it is the duty of the court to protect the rights of parties in this respect. It was the well-setted rule of practice, at common law, that courts of error would not take notice of alleged errors in the records and proceedings of inferior courts, unless they were objected or excepted to at the proper time, and the statute has not changed, but confirmed this rule. " In the case of the Palmetto Town Company agt. Rucker," decided at the June term, 1860, we held that this court will not take notice of or reverse a judgment of the district court for errors in the record, unless the attention of the district court had been called to them, and its rulings excepted to. We think the reasons for this decision apply with full force to cases from justices of the peace, on error in the district court. Ample provision is made for new trials before justices. See Laws of 1859, page 520, section 87—same, page 522, section 98. No exceptions were taken to any ruling of the justice. See Laws of 1859, page 128, section 300, etc., and page 537, section 184. Nor was any motion made for a new trial. For these reasons the district court did right in affirming the judgment of the justice.

ORDER.—The judgment of the district court is, in all things, affirmed, and mandate ordered to court below; judgment here for costs, and execution awarded thereon.